## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CHRISTA C. WARREN-WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 1:07cv811-TFM** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following administrative denial of her applications for benefits under Title II of the

Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*, and Title XVI of the Act, 42 U.S.C.

§§ 1381 *et seq*, Christa Warren-Ward ("Ward") received a hearing before an administrative

law judge ("ALJ") who rendered an unfavorable decision.   The Appeals Council granted

Ward's request for review, vacated the hearing decision, and remanded for further

proceedings.  A new administrative hearing yielded an unfavorable decision to Ward. When

the Appeals Council rejected review of this decision, it became the final decision of the

Commissioner of Social Security ("Commissioner").  Judicial review proceeds pursuant to

42 U.S.C. §§  405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,

the court REMANDS this case to the Commissioner.

### I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.    The

court cannot conduct a *de novo* review or substitute its own judgment for that of the

Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11ᵗʰ Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11ᵗʰ Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11ᵗʰ Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Ward, age 30 at the time of the hearing, completed the twelfth grade. Ward's past

relevant work included employment as a cook.  Her disability application documents claim she became disabled on October 25, 2002, from borderline diabetes, back problems, anxiety and panic attacks.  She did not engage in substantial gainful work activity at any time relevant to her application period.

Ward was previously denied benefits in an ALJ decision issued on February 17, 2006. On September 28, 2006, the Appeals Council (AC) of the Social Security Administration remanded the case for further specified proceedings, including the option of a new hearing. The AC Order stated "[U]pon remand, the ALJ will: Give further consideration to the claimant's maximum residual functional capacity . . . .  In so doing, evaluate the non-examining source opinion . . . and explain the weight given to such opinion evidence."[1] After the second hearing, an ALJ found Ward has the following combination of severe impairments: diabetes, obesity, arthritis, and hypertension.[2]  Although the ALJ assigned weight to the opinion of an examining psychologist before finding Ward unimpaired by her mental functioning and abilities, he did not evaluate the opinion from the state agency psychologist or explain the weight assigned to the opinion.[3]

The ALJ concluded Ward did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P,

---

[1]R. at 75.  Defendant's brief identifies the non-examining opinion discussed in the Order as the Psychiatric Review Technique Form prepared by a non-examining state agency psychologist in June, 2004.  (Doc. #19, at 4, referencing R. 221-235).

[2]R. at 16.

[3]R. at 19-20.

Appendix 1.  The ALJ found Ward had the residual functional capacity (RFC) to lift 10

pounds at a time, occasionally lift or carry articles like small tools, ledgers, or files, stand or

walk for 2 hours of an 8-hour workday, and sit for 6 hours of an 8-hour workday.[4]  The ALJ

credited testimony from a vocational expert which indicated Ward could perform work as a

bench assembler, surveillance monitor, or order clerk.[5]  This finding that Ward is able to

work rendered her ineligible for disability benefits under the Act.

### III.  ISSUES

Ward raises four issues for judicial review:

1.      Whether the ALJ committed reversible error in failing to comply with the
        remand order issued by the Appeals Council?

2.      Whether the ALJ's finding that Ward did not have severe mental impairment
        is supported by substantial evidence.

3.      Whether a remand is necessary for additional medical evidence.

4.      Whether the ALJ's credibility findings were sufficient.

### IV.  DISCUSSION

**The ALJ did not comply with the remand order issued by the Appeals Council,**

**and remand is required.**

Ward argues the ALJ committed reversible error by failing to strictly comply with the

---

[4]R. at 16.

[5]R. at 21.

remand order issued by the Appeals Council in this case. The Commissioner's response acknowledges the ALJ's failure to comply, but asserts the ALJ's reasoning on the issue of Ward's mental functioning was supported by substantial evidence, and remedies the omission.

The remand order stated "[U]pon remand, the ALJ will: Give further consideration to the claimant's maximum residual functional capacity . . . . In so doing, evaluate the non-examining source opinion . . . and explain the weight given to such opinion evidence." Ward argues the ALJ's failure to perform as directed is reversible error because the Commissioner's regulations provide "[T]he administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b).[6] The Commissioner's argument against remand submits the ALJ's discussion of Ward's mental functioning, and his finding that she was not mentally impaired, was an "implicit rejection" of the non-examining source opinion. The Commissioner implies the rejection eliminates any need to discuss the opinion, or the weight it received in the decisional process. The Commissioner also argues the Appeals Council's action demonstrates satisfaction with the second ALJ decision, reasoning that otherwise, it would have accepted the case upon Ward's second request for review.[7]

Ward cites two cases where a remand was ordered due to an ALJ's failure to comply

---

[6]Pl. Br. at 9-10.

[7]Def. Br. at 4-5.

with Appeals Council orders. *See Tauber v. Barnhart*, 438 F.Supp.2d 1366, 1376 (N.D.Ga. 2006); *Thompson v. Barnhart*, 2006 WL 709795, *11-12 (E.D. Pa. March 15, 2006).  The Commissioner seeks to distinguish these cases on the grounds that each was remanded by the Appeals Council after a court order, instead of the remand originating from the Appeals Council.[8]  However, whenever the Appeals Council returns a case to an ALJ, whether originally remanded by a court or Council, the ALJ is required to follow 20 C.F.R. § 404.977(b).  *See* 20 C.F.R. § 404.983 (providing that the procedures in 20 C.F.R. § 404.977 should be followed if the Appeals Council returns a court-remanded case to an ALJ).

A survey of the cases addressing an ALJ's compliance with remand orders finds courts look to some specific command by the Appeals Council, and whether or not the designated task was accomplished. *See Johnson v. Commissioner of Social Security*, 2008 WL 1801161, *7 (3rd Cir. Apr. 22, 2008) (no remand ordered where "the Appeals Council did not order the ALJ to expressly consider those exhibits."); *Miller*, 175 Fed.Appx. at 955 (noting a specific finding by Appeals Council that the ALJ had "complied with the remand order."); *Summerall v. Astrue*, 2008 WL 1819576, *5 (M.D. Fla. Mar. 14, 2008) (the Appeals Council did not mandate action, but only instructed the ALJ to obtain additional consultative examinations "as needed.")  In addition to *Tauber* and *Thompson*, the court has reviewed

---

[8]Although the Commissioner does not explain the distinction between court and administrative remands, the Court has reviewed *Miller v. Barnhart*, 175 Fed.Appx. 952, 955-56 (10th Cir. 2006), where the Tenth Circuit distinguished a judicial remand from an administrative one, noting an ALJ must strictly conform to the terms of a judicial decision on remand.

other decisions finding reversible error where an ALJ failed to specifically comply with a remand order. *See Fincher v. Astrue*, 2008 WL 821855, *2 (M.D. Ga. Mar. 25, 2008); *Bolen v. Astrue*, 2008 WL 694712, *3 (S.D.Ala. Mar. 12, 2008). *Fincher* also negates the Commissioner's argument that the Appeals Council would have accepted this case for review if the decision had not complied with the original remand order, as the district court in that case remanded after the Appeals Council declined review after the second ALJ decision. *Fincher, id.* at *1. The Appeals Council could have specifically stated the decision complied with its order instead of simply indicating it found no grounds for further review of the ALJ's decision.[9] *Miller, id.*

The adverse decision in this case discussed Ward's mental functioning in a manner inconsistent with the remand order. An improper evaluation violates 20 C.F.R. § 404.977(b). The Eleventh Circuit has long held that "courts must overturn agency actions which do not scrupulously follow the regulations and procedures promulgated by the agency itself. *Sierra Club v. Martin*, 168 F.3d 1, 4 (11th Cir. 1999) quoting *Simmons v. Block*, 782 F.2d 1545, 1550 (11th Cir. 1986). The Court finds the remand order required the ALJ to evaluate the non-examining source opinion regarding Ward's mental condition, and must remand due to the ALJ's failure to perform the tasks included in the remand order pursuant to 20 C.F.R. § 404.977(b).

---

[9]R. at 7.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the

court concludes that the case should be remanded for compliance with applicable regulations.

It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED and**

**REMANDED**.

Done this 10th day of June, 2008.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE